UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Billy Chancey,<br><br>          Plaintiff,<br><br>     v.<br><br>Enokenwa, et al.,<br><br>          Defendants. | Case No. 2:24-cv-02198-RFB-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** |

**I.     Background and Discussion**

Pending before the Court is Plaintiff's Motion for Leave to Amend. ECF No. 10. The Motion attaches a proposed amended complaint. ECF No. 10-1. A review of the proposed amended complaint demonstrates it asserts the same fundamental facts and causes of action as Plaintiff's original Complaint, (ECF No. 1-1), which was screed by Judge Boulware and allowed to proceed—meaning Defendant Enokenwa will be served and, upon service, he will have to answer and offer a defense to Plaintiff's claims. ECF No. 7. More specifically, Plaintiff's application to proceed *in forma pauperis* was granted and "Plaintiff's Eighth Amendment claims (or alternatively, Fourteenth Amendment claims) for failure to protect and excessive force, as well as his First Amendment retaliation claim, based on alleged events that occurred on September 8, 2023, at CCDC will proceed against sergeant and CERT team member Enokenwa." *Id*. at 8. The Court notes that service of Plaintiff's Complaint, required by law, was ordered, but it appears something occurred that interfered with that process.

In sum, the Court finds Plaintiff's proposed amended complaint is duplicative of his original Complaint and, thus, leave to amend is not necessary. The Court further finds that service on CERT Team Member Enokenwa must be undertaken with some urgency.

**II.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to Amend (ECF No. 10) be DENIED because it is duplicative of the facts and claims raised, and allowed to proceed, against CERT Team Member Enokenwa.

IT IS FURTHER RECOMMENDED that Plaintiff's original Complaint (ECF N. 1-1) remain the operative complaint as it pertains to alleged wrongdoing by Enokenwa.

### III. Order

IT IS HEREBY ORDERED that the Court requests Defendant CERT Team Member Enokenwa waive service of the Summons and Complaint by executing, or having counsel execute, a Waiver of Service of Summons. *See* Fed. R. Civ. P. 4(d). **Such Waiver must be filed with the Court no later than 30 days after this Order is issued**. If Defendant chooses to return the Waiver of Service of Summons, his responsive pleading will be due no later than 60 days after the date of this Order.

IT IS FURTHER ORDERED that the Clerk of Court **must** mail the following documents, in separate envelopes, to (1) General Counsel's Office, Las Vegas Metropolitan Police Department and (2) Defendant Enokenwa: (a) a copy of Plaintiff's Complaint (ECF No. 8); (b) a copy of the Court's Screening Order (ECF No. 7); and (c) the Notice of Lawsuit and Request to Waive Service of Summons; and the Waiver of Service of Summons form (**attached as Exhibit 1**).

The addresses to which these documents must be mailed are:

Sergeant Enokenwa
c/o Las Vegas Metropolitan Police Department
400 S. Martin Luther King Blvd., Bldg. B
Las Vegas, NV 89106

LVMPD General Counsel's Office
c/o Las Vegas Metropolitan Police Department
400 S. Martin Luther King Blvd., Bldg. B
Las Vegas, NV 89106

Dated this 20th day of October, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds

- 2 -

the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

# **EXHIBIT 1**

|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |

| | |
|---|---|
| BILLY CHANCEY,<br><br>    Plaintiff,<br>v.<br><br>ENOKENWA, et al.,<br><br>    Defendants. | Case No. 2:24-cv-02198-RFB-EJY<br><br>**RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS** |

TO:    Defendant Enokenwa
          c/o Las Vegas Metropolitan Police Department
          400 S. Martin Luther King Blvd., Bldg. B
          Las Vegas, NV 89106

     A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above. A copy of the Amended Complaint (ECF No. 5) is attached. This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the United States Marshals Service, Defendant waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendant must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

     If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served, and Defendant will have 60 days from the date this notice is sent to respond to the Amended Complaint. If Defendant does not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and Amended Complaint on Defendant and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

     Dated: October 20, 2025

                                                     _____
                                                     ELAYNA J. YOUCHAH
                                                     UNITED STATES MAGISGRATE JUDGE

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and Amended Complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BILLY CHANCEY,<br><br>          Plaintiff,<br><br>v.<br><br>ENOKENWA, et al.,<br><br>          Defendants. | Case No. 2:24-cv-02198-RFB-EJY<br><br>**RULE 4 WAIVER OF SERVICE OF SUMMONS** |

TO:    The United States District Court for the District of Nevada

The following Defendant(s) acknowledge receipt of your request to waive service of summons in this case. Defendant(s) also received a copy of the Amended Complaint (ECF No. 5). I am authorized by the following Defendant(s) to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

_____; _____;
_____; _____;

The above-named Defendant(s) understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendant(s) also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date:_____

_____
(Signature of attorney or unrepresented party)

_____
Printed name

Address:_____

Email Address:_____

Telephone Number:_____